BRYANT HAYS v. THE STATE.

No. 14697.   Delivered January 6, 1932.

The opinion states the case.

*W. W. Wander,* of Houston, for appellant.

*O'Brien Stevens,* Criminal District Attorney, and *E. T. Branch,* both of Houston, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for possessing intoxicating liquor for the purpose of sale, punishment being one year in the penitentiary.

Appellant was jointly indicted with Clarence Hill. Upon the trial Hill entered a plea of guilty and appellant plead not guilty. Appellant alone is appealing.

The sole question is the sufficiency of the evidence. Under authority of a search warrant officers went to appellant's house and searched it. Appellant was at a car in front of the house at the time the officers arrived. He said it was his home and that Hill was living there with him. The house was a story and a half residence, the stairway going up from inside the house. In the upstairs room the officers found two ten gallon kegs of whisky, two gallons of whisky in a five gallon jug, five cases of empty pint flasks, one ten gallon empty keg, one five gallon empty jug, a syphon hose, funnel, and one electric "hot point". The latter article was explained to be an "ager", an electric appliance used to age raw corn liquor. The officers said the "ager" was connected with the electric light plug by a long insulated wire. Appellant told the officers it belonged to him and that he used it in his work as an automobile mechanic. Hill was upstairs engaged in syphoning whisky from the kegs into the pint bottles. He claimed the whisky and said it did not belong to anyone else. He testified to the same effect on the trial, claiming that he carried the articles upstairs at night when appellant was not at home. He claims to have carried the full ten gallon kegs of whisky up the stairs without assistance. His explanation of how and from whom he came into possession of the whisky was unsatisfactory. He denied ownership of the "ager" and also denied that it was connected up as claimed by the officers. A strong odor of whisky was over the house and could be plainly detected downstairs, and could be smelled by the officers before they entered the house. Appellant did not testify; neither did he call his wife as a witness. Under the facts the jury was warranted in discounting Hill's testimony in which he sought to assume sole responsibility for the

unlawful enterprise, and was justified in reaching the conclusion that appellant and Hill were joint possessors of the liquor for the purpose of sale.

The judgment is affirmed.

*Affirmed.*